UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BELL SOUTH                                         CIVIL ACTION
TELECOMMUNICATIONS, LLC
D/B/A AT&T LOUISIANA

VERSUS                                             NO: 13-5976

THE CITY OF NEW ORLEANS                            SECTION: "S" (3)

ORDER AND REASONS

**IT IS HEREBY ORDERED** that The City of New Orleans' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #6) is **DENIED**.

BACKGROUND

This matter is before the court on a motion to dismiss filed by defendant, City of New Orleans. The City argues that plaintiff's claims against it for repayment of a thing not owed under Louisiana Civil Code article 2299, conversion, and declaratory judgment should be dismissed because plaintiff, Bell South Telecommunications, LLC d/b/a AT&T Louisiana ("Bell South"), has not pleaded sufficient facts to sustain a claim for repayment.

The history of this case relates to two prior, consolidated lawsuits filed in the United States District Court for the Eastern District of Louisiana (Civil Action Nos. 09-151 and 11-2116). Orders in both of those suits were appealed to the United States Court of Appeals for the Fifth Circuit, which explained the pertinent background as follows:

> The City of New Orleans ("the City") filed suit against BellSouth Telecommunications, L.L.C. ("BellSouth," or "the company"), claiming that the company owed it additional compensation for the use of its public rights-of-way. After a bench trial, the district court issued findings of fact and conclusions of law that rejected the City's claims for additional compensation pursuant to the various contracts between the parties. However, the court awarded the City unjust enrichment damages in the amount of $1,549,240.93 to compensate the City for benefits the company had received from its use of the City's rights-of-way from the end of 2006 to the time of judgment. Both parties appealed.

After the court entered an order indicating its method for calculating the amount of unjust enrichment damages, the City enacted an ordinance [Ordinance No. 24,547 ("the 2011 Ordinance")] intended to force BellSouth to continue compensating the City in future years for the unjust enrichment identified by the district court. BellSouth moved for a preliminary injunction to enjoin the City from enforcing the ordinance pending its appeal from the district court's judgment. The district court denied the injunction. BellSouth appealed, and we consolidated the various appeals.

City of New Orleans v. BellSouth Telecomm., Inc., 690 F.3d 312, 316 (5th Cir. 2012).

On February 17, 2012, while the appeal was pending, Bell South paid the City $874,169.22, pursuant to the 2011 Ordinance. Bell South specified that the payment was made "under protest."

On September 12, 2012, the United States Court of Appeals for the Fifth Circuit reversed and vacated the district court's unjust enrichment award, and found that the 2011 Ordinance was unenforceable because it was an attempt to codify the unjust enrichment damages. The court stated that "the 2011 Ordinance violates the *Great Southern*[1] court's holding. The appellate court remanded the case to the district court with instructions to permanently enjoin the City from enforcing the 2011 Ordinance.

After the district court entered the permanent injunction, Bell South requested that the City refund the $874,169.22. The City refused, and Bell South moved the court to order the repayment. The court denied the motion holding that "[a]n Order to Enforce Judgment is not the appropriate

---

[1] In City of New Orleans v. Great S. Tel. & Tel. Co., 3 So. 533, 534 (La. 1888), the Supreme Court of Louisiana held that the City could not increase the consideration Bell South paid for the use of the City's rights-of-way because Bell South complied with the original 1879 Ordinance granting the authority, and it became an "irrevocable contract," which the City was "powerless to set aside or interpolate new or more onerous considerations therein." (citing Trustees of Dartmouth College v. Woodward, 17 U.S. (4 Wheat. 518, 4 L.Ed. 629 (1819)).

2

method by which Bell South may attempt to recover payment made before the Ordinance was enjoined."

Thus, on September 27, 2013, Bell South filed this action against the City seeking to recover the $874,169.22 it paid "under protest" pursuant to the 2011 Ordinance. Bell South alleges that, by referring to Great Southern, which in turn cited Dartmouth College, the United States Court of Appeals for the Fifth Circuit ruled that the 2011 Ordinance was unconstitutional, rendering it void *ab initio*. Thus, Bell South argues that it is entitled to a return of the money under the theory of repayment of a thing not owed, Louisiana Civil Code article 2299, or conversion. Alternatively, Bell South seeks a declaratory judgment that it be permitted to use the amount paid to the City under the 2011 Ordinance as a credit and offset against any future amounts that it may owe to the City.

The City filed the instant motion to dismiss arguing that Bell South has not stated a claim for repayment of the money because Bell South did not "sufficiently plead facts to support the legal conclusion that the 2011 Ordinance was void *ab initio,*" and thus "fails to state a legal reason for this Court to refund the payment."

## ANALYSIS

**A.     Rule 12(b)(6) of the Federal Rules of Civil Procedure**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant

3

is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50. In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

**B.     Rule 8(2) of the Federal Rules of Civil Procedure**

The City argues that Bell South has not sufficiently pleaded facts to support the legal conclusion that the 2011 Ordinance was void *ab initio,* and thus "fails to state a legal reason for this Court to refund the payment."

Bell South alleges three theories of recovery in its complaint: (1) repayment of a thing not owed under Louisiana Civil Code article 2299[2]; (2) conversion[3]; or (3) declaratory judgment that

---

[2] Louisiana Civil Code article 2299 provides: "A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it."

[3] "Conversion is defined as an act in derogation of the plaintiff's possessory rights or any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently, or for an indefinite time." Chrysler Credit Corp. v. Whitney Nat'l Bank, 51 F.3d 553, 557 (5th Cir.1995). "The tort of conversion is committed when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner's rights." F.G. Bruschweiler (Antiques) Ltd. v. GBA Great British Antiques, L.L.C., 860 So.2d 644, 649 (La. Ct. App. 2006) (citing Aymond v. State, Dept. of Revenue and Taxation, 672 So.2d 273, 275 (La Ct. App. 1996)). Specifically, the tort of conversion is committed when any of the following occurs: (1) possession is acquired in an unauthorized manner; (2) the chattel is removed from one place to another with the intent to exercise control over it; (3) possession of the chattel is transferred without authority; (4) possession is withheld from the owner or possessor; (5) the chattel is altered or destroyed; (6) the chattel is used improperly; or (7) ownership is asserted over the chattel. Daul Drilling Co. v. Mills Equip. Inv., Inc., 721 So.2d 853, 856 (La. Ct. App. 1998). In order to prevail on a claim of

it is entitled to use the money paid under protest pursuant to the 2011 Ordinance to offset amounts it may owe to the City in the future.[4] All of these theories of recovery rely on the allegation that the 2011 Ordinance was unconstitutional, and thus void *ab initio*.

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that pleadings must contain a short and plain statement of the claim showing that the pleader is entitled to relief. To comply with Rule 8(a)(2) a plaintiff does not need to plead specific facts, but only "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007) (quoting Conley v. Gibson, 78 S.Ct. 99, 103 (1957)). Further, if a complaint alleges facts upon which relief can be granted, the form is not important, even if it does not correctly categorize the legal theory giving rise to the claim. Peavy v. WFAA-TV, Inc., 221 F.3d 158, 167 (5th Cir. 2000) (citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 604 (5th Cir. 1981)).

Bell South clearly alleges in its complaint that it paid the City $874,169.22 under the 2011 Ordinance, which the United States Court of Appeals for the Fifth Circuit later declared was

---

conversion under Louisiana law, the plaintiff must prove that: (1) he owned or had the right to possess funds that were misused by the defendant; (2) the misuse was inconsistent with the plaintiff's rights of ownership; and (3) the misuse constituted a wrongful taking of the funds. Chrysler Credit Corp. v. Whitney Nat'l Bank, 798 F.Supp. 1234, 1236-37 (E.D .La.1992) (citing Chrysler Credit Corp. v. Perry Chrysler Plymouth, 783 F.2d 480, 484 (5th Cir.1986)).

[4] The federal Declaratory Judgment Act states: "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "A federal court may not issue a declaratory judgment unless there exists an 'actual controversy'; i.e., there must be a substantial controversy of sufficient immediacy and reality between the parties having adverse legal interests." Middle S. Energy, Inc. v. City of New Orleans, 800 F.2d 488, 490 (5th Cir. 1986). A controversy is justiciable only where "it can be presently litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." Rowan Cos. v. Grim, 876 F.2d 26, 28 (5th Cir. 1989) (quoting Brown & Root, Inc. v. Big Rock Corp., 383 F.2d 662, 665 (5th Cir. 1967)). It gives federal courts the competence to declare rights, but it does not impose a duty to do so. If there is jurisdiction, whether to grant a declaratory judgment is within the sound discretion of the trial court.

unenforceable.  Bell South also alleges that the appellate court ruled that the 2011 Ordinance was unconstitutional by its reference to Great Southern.  These allegations are sufficient to survive a motion to dismiss because they sufficiently place the City on notice of Bell South's claim against it.  Whether the 2011 Ordinance was unconstitutional or whether the City must otherwise return the money to Bell South is beyond the scope of a motion to dismiss.  Therefore, the City's motion to dismiss is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that The City of New Orleans' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #6) is **DENIED**.

New Orleans, Louisiana, this   3rd day of January, 2014.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**